IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TODD LOPEZ, as Personal Representative
of the wrongful death estate of CLARA MAE COOK,

    Plaintiff,

v.                          No. 1:22-cv-00825-KWR-JMR

CANTEX HEALTH CARE CENTERS II, LLC,
and FARMINGTON HEALTH CARE CENTERS, LTD CO.
d/b/a CEDAR RIDGE INN,

    Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR STAY PENDING APPEAL**

Through his counsel, Plaintiff Todd Lopez ("**Plaintiff**"), as personal representative of the wrongful death estate of Clara Mae Cook, files this response in opposition to the *Emergency Motion for Stay Pending Appeal* (Doc. 40) ("**Motion to Stay**") that was filed by Defendants Cantex Health Care Centers II, LLC and Farmington Health Care Centers, Ltd. Co. d/b/a Cedar Ridge Inn (collectively, "**Defendants**"). As will be explained below, this Court should deny Plaintiff's Motion to Stay because it lacks subject matter jurisdiction over this case and because it lacks authority to stay state court proceedings.

**I.  This Court lacks subject matter jurisdiction to stay state court proceedings because it has already remanded this case back to state court.**

It is long and well settled, as evident by the overwhelming amount of both binding and persuasive authority, that after remanding a case back to state court, a federal district court loses subject matter jurisdiction over the remanded case. *See* 28 U.S.C. § 1447(C) ("A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996)

1

("When a district court remands a case to a state court, the district court disassociates itself from the case entirely, retaining nothing of the matter on the federal court's docket."); *In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir. 1959) ("The remand, right or wrong, left the district court without jurisdiction over the cause."); *Kromer v. McNabb,* 308 F.2d 863, 865 (10th Cir.1962) (noting that a remand order "takes precedence" and district court should not take action on pending motions before or after remand);*Chandler v. O'Bryan*, 445 F.2d 1045, 1058 (10th Cir. 1971) (same); *Lehman v. City of Louisville*, 967 F.2d 1474, 1478 (10th Cir. 1992) (holding that the district court's denial of plaintiff's motion to amend the complaint was proper because the district court no longer had jurisdiction over the action after it had remanded the case to state court); *In re C & M Properties, L.L.C.*, 563 F.3d 1156, 1162 (10th Cir. 2009) ("It is long-settled that a remand order renders the district court 'without jurisdiction' over remanded claims, such that any continued litigation over those claims becomes 'a futile thing.'") *City of Valparaiso v. Iron Workers Local Union # 395,* 118 F.R.D. 466, 468 (N.D.Ind.1987) ("[I]t is universally held that once a federal district court remands a case and mails a certified copy of its order to the state court, the district court loses all jurisdiction, even if it later changes its mind.") (citing *New Orleans Pub. Serv., Inc. v. Majoue,* 802 F.2d 166, 167 (5th Cir.1986); *Boone Coal and Timber Co. v. Polan,* 787 F.2d 1056, 1059–1061 (6th Cir.1986); *Pelleport Investors, Inc. v. Budco Quality Theatres,* 741 F.2d 273, 279 n. 3 (9th Cir.1984); *Three J Farms, Inc. v. Alton Box Bd. Co.,* 609 F.2d at 115; *Fed. Deposit Ins. Corp. v. Santiago Plaza,* 598 F.2d 634, 636 (1st Cir.1979); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. § 3739, at 491 (3d ed. 1998) ("[I]t is clear that an order of remand to state court ends the jurisdiction of the federal court over the case.")[1]

---

[1] The law cited by Defendants that they attempt to use to support their argument that this Court may stay state court proceedings is non-binding and distinguishable. *See Bank of Am., N.A. v. El Paso Nat. Gas Co.*, 2017 WL 9478457, at *1 (W.D. Okla. Jan. 12, 2017) (noting that "***CAFA***, though, implicitly carves out an exception to this general rule divesting a district court of all jurisdiction upon the issuance of a district court's remand order [because] ***28 U.S.C. §***

Indeed, a district court may not even reconsider its remand order after remand. *Stark-Romero v. Nat'l R.R. Passenger Co.*, 763 F. Supp. 2d 1231, 1252 (D.N.M. 2011); *see also Maggio Enters. v. Hartford Cas. Ins. Co.,* 132 F.Supp.2d 930, 931 (D.Colo.2001) ("Because a remand order deprives the district court of jurisdiction, the district court may not vacate or reconsider its order of remand.") (citations omitted).

Not only does a federal district court no longer have subject matter jurisdiction over a remanded case as a matter of law, but it is also impractical for the district court to exercise such jurisdiction. As former Tenth Circuit Judge Neil M. Gorsuch stated:

> Allowing continued litigation in district court over a remanded claim risks not just a purely academic opinion about a claim really pending elsewhere, but a host of practical problems. It raises the possibility that the parties will make a mistaken guess about which forum should hear their case and needlessly devote time and resources in the wrong forum. It also leaves cases in legal limbo, partly in federal court, partly in state court, a result that does nothing to advance and much to undermine federal-state comity.

*In re C & M Properties, L.L.C.*, 563 F.3d 1156, 1162 (10th Cir. 2009).

Here, the Court does not have subject matter jurisdiction to grant Defendants' Motion to Stay. On February 24, 2023, this Court entered its *Consolidated Order Remanding Cases* (the "**Remand Order**") remanding this case back to state court. (Doc. 34.) And on February 27, 2023, the Court mailed a certified copy of its Remand Order to the state court. After February 27, 2023, the Court no longer possessed jurisdiction over

---

*1453(c)* [*explicitly*] allows for a court of appeals to 'accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order.'" (emphasis added)).

3

this matter. Thus, this Court must deny Defendants' Motion to Stay because the Court lacks jurisdiction to stay state court proceedings.[2]

## II. Similarly, this Court does not have the authority to stay state court proceedings after its Remand Order.

Not only does this Court lack subject matter jurisdiction to stay state court proceedings, but it also lack authority to grant such relief. Indeed, the general rule is that a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Here, this Court has no authority to stay state court proceedings under 28 U.S.C. § 2283. First, Defendants have not identified any Act of Congress that expressly authorizes this Court to stay state court proceedings where, as here, a federal district court has already remanded the case back to state court. Second, staying state court proceedings is not necessary to aid this Court's jurisdiction because, as stated above, this Court no longer has jurisdiction over this matter. Finally, staying state court proceedings is not necessary to protect or effectuate this Court's judgment. In fact, staying state court proceedings would ignore and undermine this Court's Remand Order. Accordingly, this Court does not possess the authority to stay state court proceedings.[3]

## CONCLUSION

For the foregoing reasons, this Court should deny Defendants' Motion to Stay.

Respectfully submitted,

---

[2] Indeed, the Tenth Circuit Court of Appeals is not even certain it has jurisdiction to hear Defendants' appeal of this Court's Remand Order and has ordered Defendants to file a brief demonstrating that Court's appellate jurisdiction. *See Order*, filed April 10, 2023 (Doc. 010110840521), attached hereto as **Exhibit 1**.

[3] State court proceedings have already resumed. For example, Plaintiff has filed motions to amend in all eight cases, filed motions to compel in all eight cases, and, after oral argument, has amended his complaint in three of the eight cases. More notably, Defendants have also filed motions for protective orders in all eight cases.

FADDUOL, CLUFF, HARDY & CONAWAY, P.C.

*/s/Noe Astorga-Corral*
Joshua K. Conaway
Noe Astorga-Corral
Aaron K. Thompson
3301 San Mateo Boulevard
Albuquerque, New Mexico 87110
Telephone: 505.243.6045
Facsimile: 505.243.6642
jconaway@fchclaw.com
nastorgacorral@fchclaw.com
athompson@fchclaw.com

and

Nichole Henry
WHITENER LAW FIRM, P.A.
4110 Cutler Avenue NE
Albuquerque, New Mexico 87110-3896
Telephone: 505.242.3333
Fax: 505.242.3322
nichole@whitenerlaw.com
*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was served and filed via the Court's electronic filing system, and thus was served to all parties' counsel of record on this 19th day of April, 2023.

5