## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

TODD LOPEZ, as Personal Representative
of the wrongful death estate of Don Begay,

     Plaintiff,

     v.                                   Case No. 1:22-cv-822 KWR/JMR

CANTEX HEALTH CARE CENTERS II, LLC,
and FARMINGTON HEALTH CARE CENTERS, LTD CO.
*d/b/a* CEDAR RIDGE INN*,*

     Defendants.


     *Et al.*

### <u>CONSOLIDATED ORDER DENYING MOTIONS TO STAY</u>

THIS MATTER comes before the Court on motions to stay pending appeal the Court's consolidated remand order in the following eight wrongful death cases:  (1) *Lopez v. Cantex Health Care Centers II, LLC, et al.*, 22-cv-00822 KWR/JMR; (2) *Lopez v. Cantex Health Care Centers II, LLC, et al.*, 22-cv-00824 KWR/JMR; (3) *Lopez v. Cantex Health Care Centers II, LLC, et al.*, 22-cv-00825 KWR/JMR; (4) *Lopez v. Cantex Health Care Centers II, LLC, et al.*, 22-cv-00826 KWR/JMR; (5) *Lopez v. Cantex Health Care Centers II, LLC, et al.*, 22-cv-00827 KWR/JMR; (6) *Lopez v. Cantex Health Care Centers II, LLC, et al.*, 22-cv-00831 KWR/JMR; (7) *Murphy v. Cantex Health Care Centers II, LLC, et al.*, 22-cv-00832 KWR/JMR; and (8) *Lopez v. Cantex Health Care Centers II, LLC, et al.*, 22-cv-00834 KWR/JMR.

The motions seek to stay a consolidated remand order issued in these cases. The motions appear to be identical or substantially similar. Therefore, the Court finds it appropriate to consolidate this order on the motions to stay.  This consolidated order will be issued in each case.

For the reasons stated below, the Court finds the motions to stay are not well taken, and are therefore **DENIED**.  The Court declines to stay the consolidated remand order pending appeal.

The authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of causes on its docket." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). Additionally, a district court's authority to stay a case pending appeal is implied through Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8(a). *Fed. Prescription Serv., Inc. v. Am. Pharmaceutical Ass'n*, 636 F.2d 755. 760 (D.C. Cir. 1980).

Courts must consider four factors when deciding whether to stay an order pending appeal: (1) whether the stay applicant has made a strong showing that they are likely to succeed on appeal; (2) whether the stay applicant will be irreparably injured without a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) whether public interest weighs in favor of granting or denying the stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Supreme Court has characterized the standard for a stay pending appeal as requiring a "strong showing" that the applicant is likely to succeed on the merits. *Hilton v. Braunskill*, 481 U.S. at 776, 107 S.Ct. 2113 (citations omitted); *accord Nken v. Holder*, 556 U.S. at 434, 129 S.Ct. 1749 (requiring a "strong showing" of likelihood of success).

First, the Court finds that Defendants have not made a showing that they are likely to succeed on appeal. The Court notes that Defendants did not address the Court's ruling, but only the Court's alternative rulings. Defendants did not address whether there was excusable neglect. Therefore, Defendants have necessarily not made a showing of a likelihood of success on appeal. Alternatively, Defendants have not shown a likelihood of success on the Court's alternative rulings rejecting Defendants' four asserted bases for jurisdiction. Defendants do not argue the merits or show a likelihood of success, but assert that they will likely succeed on one of their four asserted

bases for jurisdiction. *Lopez v. Cantex,* 22-cv-822, Doc. 28 at 9 (D.N.M. April 5, 2023) (Defendants' emergency motion for stay pending appeal). They appear to rely on chance, asserting that they will likely win on at least one of their four jurisdictional bases, but do not argue the merits of these asserted bases of jurisdiction. This factor weighs against issuing a stay.

Second, Defendants assert they will be irreparably harmed if the remand order is not stayed, as they will be forced to litigate in state court. The Court finds that this does not constitute irreparable harm. The Court does not believe that Defendants will be harmed by litigating in state court. *See, e.g., Faulkner v. New Mexico Child., Youth & Fams. Dep't*, No. CV 15-852 CG/LAM, 2016 WL 9818609, at *4 (D.N.M. Nov. 3, 2016). Defendants suggest that they will be forced to provide discovery in state court. But if they are successful on appeal and these cases proceed in federal court, they will likely still have to provide discovery in these cases. Defendants have not explained how providing discovery in state court would prejudice them. Alternatively, assuming they were harmed, the harm in question has already occurred, as state court litigation has begun. Defendants could have mitigated or prevented this alleged harm, but delayed in filing their motion to stay, allowing the state court proceeding to begin again. Defendants did not request the Court stay the remand motion during the remand briefing, or immediately file its motion to stay. Rather, the Court remanded this case on February 24, 2023. Approximately 30 days later, Defendants appealed the Court's remand order. Defendants then did not file its motion to stay until April 5, 2023. The stay motion was fully briefed on May 5, 2023, when Defendants filed their reply. Defendants called its motion an emergency motion, but its delay in filing and briefing the motion suggests otherwise. Defendants have participated in state court proceedings for discovery and Plaintiffs' motion for leave to file an amended complaint. The Court concludes that this factor does not weigh in favor of a stay.

Third, the Court finds that Plaintiffs would be harmed by the delay, and this factor weighs against Defendants.  Plaintiffs would suffer prejudice if this case was stayed possibly for years during appeal, especially when Defendants have not shown a likelihood of success on appeal.  The Court finds that the stay would significantly prejudice Plaintiffs, and this factor weighs against issuing a stay.

Finally, the public interest weighs against issuing a stay.  "Public policy dictates the timely conclusion of legal disputes." *Evans v. Bd. of Cnty. Commrs. of Boulder, Colo.*, 772 F.Supp. 1178, 1181 (D. Colo. 1991). As discussed, granting a stay pending appeal could potentially delay the resolution of this case for years.  Moreover, the public interest favors comity with state courts. Defendants' delayed motion to stay essentially requests this Court stay state court proceedings after they already restarted.  It is unclear whether this court has the authority to stay state court proceedings.  Even if it did, the Court finds that comity weighs against staying those proceedings. This factor weighs against issuing a stay.

The Court finds and concludes that the factors do not weigh in favor of issuing a stay pending appeal.  Therefore, Defendants' motions to stay pending appeal are **DENIED.**  This order will be entered in all eight cases listed above.

**IT IS SO ORDERED.**

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE